UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND LOUIS BISHOP,

       Petitioner,

v.                                          CASE NO. 23-12528
                                            HON. LINDA V. PARKER

F. ARTIS,

       Respondent.

_____/

## OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I.    Introduction

Michigan prisoner Raymond Louis Bishop ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   (ECF No. 1.) Petitioner was convicted of first-degree felony murder and sentenced to life imprisonment in 1986.   (*See id*. at PageID. 1.) In his petition, he raises claims alleging that trial counsel had a conflict of interest, that trial counsel was absent when the jury was re-instructed and unknown counsel was present in his place, that the trial court erred in instructing the jury on the requisite intent for felony murder, and that the trial court provided the jury with a defective jury verdict form.   (*See id.* at PageID. 5-10.)   Having reviewed the matter, and for the reasons stated, the Court concludes that the petition is untimely and must be dismissed.   The Court

also concludes that a certificate of appealability and leave to proceed *in forma pauperis* on appeal must be denied.

## II.    Facts and Procedural History

Petitioner's conviction arises from the death of Ben Goodison during a home invasion in 1985.   The Macomb County Circuit Court described the relevant facts, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1); *see also Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> The victim in this case, Ben Goodison, was a 67-year-old man with arteriosclerotic heart disease, a condition which reduces the body's ability to carry blood and oxygen to vital organs. On August 22, 1985, Goodison's body was discovered on his bed at home by a neighbor and Goodison's daughter. The body was bound and gagged and had been covered with blankets. An autopsy performed the same day disclosed that Goodison died, at most, within minutes of being gagged and that this occurred three to four days prior to the autopsy. The cause of death was suffocation and the heart disease.
>
> The police investigation which followed the discovery of Goodison's body revealed that the house had been forcibly broken into and valuables, such as coins, were taken. A flashlight was found on the kitchen floor.
>
> Evidence of defendant's participation in this criminal enterprise was presented by the prosecutor through the testimony of Joseph DeRose and Michael Gowland. DeRose testified that, on August 20, 1985, he accompanied Gowland, Allen Ghent, and defendant to two coin shops to sell some coins. Defendant told DeRose that the coins were from a breaking and entering he committed with Ghent, and later explained how he had planned the crime and dropped the flashlight inside Goodison's house. During this conversation, DeRose also recalled Ghent telling him what took place in Goodison's house, and that defendant added comments to what Ghent said. Two days later, DeRose had a conversation with Ghent outside the presence of defendant. Ghent

2

> told him how "they" (defendant and Ghent) bound and gagged Goodison and took his valuables.
>
> Michael Gowland also gave testimony on the conversation of August 20, 1985. He recalled Ghent describing how "they" (defendant and Ghent) had tied up the victim.

*People. v. Bishop*, No. 1985-1129-FC (Macomb Co. Cir. Ct. June 20, 2021) (quoting Michigan Court of Appeals' July 12, 1988, opinion affirming Petitioner's conviction); (ECF No. 1 at PageID. 16-17.)   Petitioner's direct appeal of his conviction concluded in 1989.   (*See id*. at PageID. 17.)

Petitioner filed a motion for relief from judgment, as well as motions for appointment of counsel, evidentiary hearing, and to settle the record, with the state trial court in February, 2021, all of which were denied.   (*See id*. at PageID. 16-24.) He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied, *People v. Bishop*, No. 359765 (Mich. Ct. App. May 5, 2022); (ECF No. 1 at PageID. 25), as was his application for leave to appeal with the Michigan Supreme Court. *People v. Bishop*, 979 N.W.2d 834 (Oct. 4, 2022); (ECF No. 1 at PageID. 41.)

Petitioner filed his federal habeas petition on October 2, 2023.   (ECF No. 1, PageID. 15.)

### III.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996.   The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.   The statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).   A habeas petition filed outside the proscribed time period

4

must be dismissed.   *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000)

(dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765

(E.D. Mich. 2002) (dismissing case filed seven years late).

A preliminary question in this case is whether Petitioner has complied with

the one-year statute of limitations.   Federal district courts are authorized to

consider *sua sponte* the timeliness of a state prisoner's federal habeas petition.

*See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted,

but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas

petition.").

Petitioner's conviction became final in 1989 – well before the AEDPA's

April 24, 1996 effective date.   Prisoners whose convictions became final before

the AEDPA's effective date are given a one-year grace period in which to file their

federal habeas petitions.   *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003).

Accordingly, Petitioner was required to file his federal habeas petition on or before

April 24, 1997, excluding any time during which a properly filed application for

state post-conviction or state collateral review was pending in accordance with 28

U.S.C. § 2244(d)(2).

The record indicates that Petitioner filed his motion for relief from judgment

and other collateral review motions with the state trial court in 2021 – long after

the one-year grace period had ended.   A state court post-conviction motion that is

filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.   *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado*, 337 F.3d at 641.   The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.   *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) ("[A]lthough the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.").   Petitioner did not date his federal habeas petition until October 2, 2023 – more than 26 years after the one-year grace period expired.

Petitioner does not allege that his habeas claims are based upon newly-discovered evidence nor newly-enacted, retroactively applicable law, nor does he allege that the State created an impediment to the filing of his habeas petition.   His habeas petition is, therefore, untimely under 28 U.S.C. § 2244(d) and is subject to dismissal.

<u>Jurisdictional Challenges</u>

Petitioner acknowledges that his habeas petition is untimely but asserts that the one-year limitations period "does not apply" to his case.   (*See* ECF No. 1 at PageID. 13-14.)   First, Petitioner asserts that the statute of limitations does not

apply because his claims concerning trial counsel's alleged conflict of interest and alleged absence during jury re-instruction are jurisdictional defects.   (*See id*. at PageID. 13.)   Such claims, however, are not jurisdictional.   *See, e.g.*, *Nicholson v. Haas*, No. 14-10828, 2022 WL 1913608, at *13 (E.D. Mich. June 3, 2022) (concluding that ineffective assistance of counsel is not a jurisdictional defect exempt from procedural default), *cert. app. den. sub nom. Nicholson v. Nagy*, No. 22-1586, 2023 WL 4157495 (6th Cir. Jan. 25, 2023), *cert. den.* No. 22-7830, _U.S. _, 2023 WL 6378390 (Oct. 2, 2023); *Burks v. Scutt*, No. 10-CV-12771, 2013 WL 2635215, at *6 (E.D. Mich. June 12, 2013) (ruling that attorney conflict of interest is not a jurisdictional defect and rejecting petitioner's claim that procedural default should not apply to such a claim); *see also Philips v. Bradshaw*, 607 F.3d 199, 223-24 (6th Cir. 2010) (re-reading or providing written instructions to the jury that have previously been given is not a critical stage of criminal proceedings for Sixth Amendment purposes, and prejudice is not presumed); *Hudson v. Jones*, 351 F.3d 212, 216-18 (6th Cir. 2003) (same); *Perry v. Howes*, 852 F.2d 568 (table), 1988 WL 74153, at *4 (6th Cir. July 19, 1988) (re-reading testimony to the jury during deliberations is not a critical stage of trial).

More importantly, even if Petitioner raises a jurisdictional challenge, such claims are nonetheless subject to the one-year limitations period set forth at 28 U.S.C. § 2244(d).   *See Briscoe v. Eppinger*, No. 18-3041, 2018 WL 3390141, at

7

*2 (6th Cir. May 31, 2018) (stating that "prisoners seeking relief in federal court under section 2254 must bring their claim within the statute of limitations provided by section 2244(d)" and "[t]here is no exception under the AEDPA for subject matter jurisdiction claims"); *Frazier v. Moore*, 252 F. App'x 1, 5-8 (6th Cir. 2007) (affirming district court's dismissal of habeas petition as untimely where petitioner raised jurisdictional issue); *Edwards v. Nagy*, No. 21-10769, 2021 WL 5564746, at *2 (E.D. Mich. Nov. 29, 2021) (quoting *Briscoe*, 2018 WL 3390141) (rejecting habeas petitioner's argument that he should be exempt from the statute of limitations); *Gardner v. Maclaren*, No. 13-15051, 2014 WL 5481324, at *4 (E.D. Mich. Oct. 29, 2014) (citing cases and rejecting petitioner's argument that the statute of limitations did not apply because he raised a jurisdictional defect); *Drobil v. Barnhart*, No. 09-11597, 2009 WL 4885000, at *3 (E.D. Mich. Dec. 11, 2009) (rejecting petitioner's argument that the statute of limitations should not bar claims that he was denied counsel at his preliminary examination and constructively denied counsel at trial and on appeal); *Banks v. Ludwick*, No. 07–12821, 2008 WL 2397627, at *5 (E.D. Mich. June 11, 2008) ("there is no authority for the proposition that claims attacking the jurisdiction of the trial court are exempt from the limitations provision of § 2244(d)"); *see also Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (jurisdictional challenge not exempt from one-year limitations period for filing motion to vacate sentence under

28 U.S.C.A. § 2255).    Petitioner fails to show that his habeas claims are not

subject to the statute of limitations.

Failure to Factually Develop the Record

Second, Petitioner asserts that the statute of limitations does not apply

because the state trial court deprived him of the opportunity to factually develop

the record for his claims by denying his motion to settle the record and impeding

his ability to obtain transcripts.    (*See* ECF No. 1 at PageID. 14.)    This argument is

equally unavailing.    Petitioner did not even attempt to develop the factual record

for his claims by filing his motion to settle the record until 2021 – long after the

expiration of the one-year grace period in 1997.    He offers no excuse for such a

lengthy delay.    To be sure, he was well aware of the facts relevant to his claims at

the time of his trial and his direct appeal in the state courts.    He could have filed a

bare bones habeas petition in a timely fashion during the one-year grace period and

then supplemented his pleadings as necessary.    *See, e.g., Stennis v. Place*, No. 16

CV 14262, 2018 WL 3390444, at *4 (E.D. Mich. July 12, 2018) (holding that

"even while in administrative segregation without his legal paperwork (and nearing

the end of the one-year period), the petitioner could have timely submitted a 'bare

bones' habeas petition listing his claims and later supplementing his pleadings as

necessary.").    He did not do so.

Equitable Tolling

Moreover, to the extent that Petitioner challenges the state trial court's ruling in 2021, or any events that arose after the grace period ended in 1997, such factors do not justify his untimely filing or warrant tolling of the one-year period. *See Jurado*, 337 F.3d at 641 (events occurring after the one-year grace period do not toll the statute of limitations because the time for filing has already expired).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010) (internal citations and quotations omitted) ("[T]he statute of limitations for habeas petitions is subject to equitable tolling in appropriate cases. However, the doctrine of equitable tolling is used sparingly by federal courts."). A petitioner has the burden of demonstrating that entitlement to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that

10

litigant's control."   *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560

(6th Cir. 2000)). The doctrine of equitable tolling is applied "sparingly."   *Watkins*

*v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017); *see also National R.R.*

*Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

      Petitioner neither alleges nor establishes facts to show that he is entitled to

equitable tolling of the one-year period.   The fact that he may have a limited

education, is untrained in the law, is (or was) proceeding without a lawyer, and/or

may have been unaware of the statute of limitations for a period of time does not

warrant tolling.   *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464

(6th Cir. 2012) (*pro se* status is not an extraordinary circumstance); *Allen*, 366 F.3d

at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F.

Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which

firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no

excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp.

2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling);

*Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating

that ignorance of the law, illiteracy, and lack of legal assistance do not justify

tolling).

      Petitioner also fails to demonstrate that he acted diligently to protect his

rights given that his direct appeal concluded in 1989 and he did not seek collateral review of his conviction in the state courts until 2021.   He also waited nearly a year after the conclusion of state collateral review to file his federal habeas petition.   Given such circumstances, he is not entitled to equitable tolling under *Holland*.

Claim of Actual Innocence

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations.   *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) ("[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, expiration of the statute of limitations."); *Souter v. Jones*, 395 F.3d 577, 588-590 (6th Cir. 2005).

To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."   *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006).   A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence,

12

trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.   Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

In keeping with Supreme Court authority, the Sixth Circuit has stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing.   He presents no new reliable evidence of his actual, factual innocence on habeas review.   He thus fails to establish that he is entitled to equitable tolling of the one-year period on such a basis.   His habeas petition is untimely and must be dismissed.

## IV.   Conclusion

Based upon the foregoing discussion, the Court concludes that Petitioner failed to file his habeas petition within the one-year statute of limitations (*i.e.*, the one-year grace period) applicable to federal habeas actions and that he is not entitled to statutory or equitable tolling of the one-year period.   Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue.   *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A certificate of appealability

13

may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court's procedural ruling was correct. *See id.* Petitioner makes no such showing. Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 14, 2024

14

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 14, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan

Case Manager
